## COLUMBIA METAL BOX CO. v. COHN.

(Supreme Court, Appellate Term.    January 5, 1912.)

1. APPEAL AND ERROR (§ 927*)—REVIEW—PRESUMPTIONS—QUESTION OF FACT —DISMISSAL.

Where a complaint is dismissed at the close of the plaintiff's case, the plaintiff is entitled on appeal to the most favorable inferences deducible from the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3748, 4024; Dec. Dig. § 927.*]

2. SALES (§ 359*)—ACTION FOR PRICE—SUFFICIENCY OF EVIDENCE.

Evidence in an action for the price of goods sold *held* sufficient to put the defendant to his proof.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1056–1059; Dec. Dig. § 359.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the Columbia Metal Box Company against Frederick W. Cohn.    From a judgment of the Municipal Court, dismissing the complaint, plaintiff appeals.    Reversed, and new trial ordered.

See, also, 71 Misc. Rep. 444, 128 N. Y. Supp. 743.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Louis H. Porter (William C. Dodge, of counsel), for appellant.

Elek John Ludvigh (Henry G. Wiley, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SEABURY, J. [1] Plaintiff sues to recover for goods sold and delivered. As the complaint was dismissed at the close of the plaintiff's case, the plaintiff is entitled to the most favorable inferences deducible from the evidence.

[2] The plaintiff testified that he saw some of the goods in question delivered to the defendant, and that he subsequently called on the defendant and had a conversation with him, in which the items of the account were examined. In this conversation the defendant expressed his satisfaction with the goods, and stated that he was not ready to make payment at the time when the plaintiff demanded it,. but admitted the correctness of the statement of account. This evidence, while weak, was sufficient to preclude a dismissal of the complaint, and to call upon the defendant to offer proof on his own behalf.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All .concur.